IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

DANNA KAY ARCHER BRADY, )
)
                  Plaintiff, )
)
vs. )     Case Number CIV-05-520-C
)
DANNA CATHERINE )
NELSON-ARCHER, )
)
               Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss. Plaintiff filed a Response and the matter is now at issue.

## I.  BACKGROUND

Plaintiff filed the present action seeking a declaratory judgment regarding the rights of the parties to a trust. Plaintiff is Defendant's mother and, in addition to this case, the two are in litigation in Ochiltree County, Texas, where Defendant here has sued Plaintiff. The litigation arises from disputes regarding the disposition of property owned by the parents/grandparents of the parties following the parents'/grandparents' death.

Defendant filed the present motion asserting the Court lacks personal jurisdiction over her and, in the alternative, the Court should abstain as this case is identical to that currently proceeding in Texas. In response, Plaintiff argues that because the trust she is seeking to have clarified holds property in Oklahoma and because Defendant claims to be a beneficiary

of that trust, minimum contacts are satisfied and the Court has personal jurisdiction over

Defendant.  Plaintiff further contends that the present case and the Texas case seek different

remedies and therefore abstention is not proper.

## II.  STANDARD OF REVIEW

The principles governing the disposition of jurisdictional motions to dismiss under Rule 12(b)(2) are well settled.  Generally, plaintiffs bear the burden of proof to establish that jurisdiction over the parties is proper.  In the context of pre-trial motions to dismiss decided without a hearing, plaintiffs must make only a prima facie showing as to the propriety of personal jurisdiction.

In ruling on motions under Rule 12(b)(2), the Court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties.  The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials.  Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs.

McClelland v. Watling Ladder Co., 729 F.Supp. 1316, 1317-18 (W.D. Okla. 1990) (internal

citations and footnote omitted).

## III.  DISCUSSION

*A.  Personal Jurisdiction.*

Defendant argues jurisdiction in this Court is improper, as Plaintiff has failed to

demonstrate sufficient minimum contacts with Oklahoma and any such exercise of

jurisdiction would "offend 'traditional notions of fair play and substantial justice.'"  Int'l

Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted).  Plaintiff disagrees,

arguing Defendant asserts control and ownership in the trust and the trust includes property

2

located in Oklahoma.  Therefore, Plaintiff argues, Defendant has sufficient contact with the forum to warrant the Court's exercise of jurisdiction over her.

Plaintiff's claim against Defendant centers on the parties' claim to the Danna Kay Archer Trust ("Trust").   Therefore, the Court may properly exercise jurisdiction over Defendant even if her contacts with the forum are related only to administration of the Trust. As the Tenth Circuit has stated:  "[A] court may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.'"  OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090-1091 (10th Cir. 1998) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal quotations omitted).  In analyzing a defendant's contacts in specific personal jurisdiction queries the court must determine if the contacts "represent an effort by the defendant to 'purposefully avail[] itself of the privilege of conducting activities within the forum State.'"  Rambo v. American Southern Ins. Co., 839 F.2d 1415, 1419 (10th Cir. 1988) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).  The parties have submitted evidentiary materials wherein it is undisputed that the Trust owns property in Oklahoma. The evidentiary materials further make clear that while acting as beneficiary, Defendant has managed property belonging to the trust, including the Oklahoma property.  This evidence is sufficient to establish a *prima facie* showing of specific personal jurisdiction over Defendant to the extent she claims to be the beneficiary of the Trust.  Thus, to the extent Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2), her motion will be denied.

3

*B. Abstention.*

Defendant argues that in the event the Court finds it has jurisdiction over her, it should nonetheless abstain from considering the issues raised herein because they are identical to the issues raised in a state court proceeding in Ochiltree County, Texas. Plaintiff argues the issues in the two proceedings are different, that the present case raises a federal question and that she is not a necessary party to the Texas litigation.

The nature of Plaintiff's claim is crucial in resolving the abstention issue. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201. That statute gives great discretion to a trial court in determining whether or not to grant the requested relief. In pertinent part the statute states: "any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration . . . ." Id. (emphasis added); see also United States v. City of Las Cruces, 289 F.3d 1170, 1183 (10th Cir. 2002) ("The Declaratory Judgment Act, the backbone of the Brillhart doctrine, confers upon district courts '**unique and substantial discretion** in deciding whether to declare the rights of litigants.' Wilton [v. Seven Falls Co.], 515 U.S. [277] at 286 [(1995)]." (emphasis added).

In determining whether or not to hear this matter the Court is guided by the Supreme Court's ruling in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). There the Supreme Court stated:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between

the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

      Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.  This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there.  The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

Id. at 495.  Plaintiff argues this analysis is inapplicable as the claims in the two cases are different and, moreover, she raises a federal question in this case.  The Court is not persuaded Plaintiff has raised a question of federal law.  Plaintiff argues she is seeking resolution of which trust is properly assigned tax identification number 75-6307352.  That issue does not implicate issues of federal jurisprudence.  Rather, the issue centers on the validity of the creation of the two Danna Kay Archer Trusts, an issue that will be resolved by applying state law.  As for the similarity of the issues between the Texas proceeding and this action, the Tenth Circuit has stated that is but one factor to consider in applying the Brillhart analysis.  See City of Las Cruces, 289 F.3d at 1182 ("This court has not declared previously what level of similarity is required before a district court may engage in the Brillhart analysis.  We now hold the degree of similarity should be considered in the evaluation of the Brillhart/Mhoon factors, rather than considered as a threshold condition.").

      The Tenth Circuit has identified five factors to be considered when determining if abstention pursuant to Brillhart is warranted:

"[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective."

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994) (quoting Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987)).

Before considering these factors it is essential to first clarify the issues in the Texas proceeding. In that case, Defendant here is claiming to be the proper beneficiary of the October 1994 Danna Kay Archer Trust and by virtue of that position is the proper owner of certain property. Relying on that ownership, Defendant seeks to set aside transfers of the property made by Scott Archer, some of which were made to Plaintiff. Plaintiff is a necessary party to the Texas litigation by virtue of her ownership of the property. Thus, Defendant's position in the Texas litigation is valid only if she is the beneficiary of a valid Danna Kay Archer Trust. Despite allegations about tax identification numbers and federal law issues, the essence of Plaintiff's claim in this Court is also the validity of a Danna Kay Archer Trust. As Plaintiff clearly states in the plea for relief in her Complaint. "WHEREFORE, Danna Kay Archer Brady prays that Danna Kay Archer Brady be declared the beneficiary of the Danna Kay Archer Trust . . . ." Complaint (Dkt. No. 1) p. 6.

Now to the Brillhart/Mhoon factors. Were this Court to reach a determination differing from that of the Texas Court, the litigation would only be expanded with the winning party from each court arguing they held the valid judgment. A ruling by this Court

6

would not settle the controversy nor would it serve any useful purpose in resolving the conflict between the parties.  Accordingly, the first three factors weigh in favor of abstention. Although it is not clear the Texas Court would be upset over this Court's consideration of Plaintiff's claim, it is clear that judicial economy weighs against this Court's involvement. The parties are both involved in the Texas litigation.  There has been no suggestion that that court cannot render a valid enforceable determination of the rights of the parties.  Discovery has been conducted in the Texas case and there is no suggestion that case is not proceeding in a timely fashion.  Thus, the fourth factor also weighs in favor of abstention.  Finally, because the Court will merely stay this matter pending resolution of the Texas proceeding, to the extent Plaintiff believes her claims are unadjudicated in Texas she may seek to pursue them here upon conclusion of the Texas case.  Therefore, abstention provides the most effective and efficient alternative.

After considering each of the  Brillhart/Mhoon factors, it is clear that abstention is warranted here.  Accordingly, the Court finds abstention is proper in this action pending final resolution of the Texas proceedings.

## IV.  CONCLUSION

Plaintiff has made a prima facie showing of personal jurisdiction.  However, the Court declines to consider her request for declaratory relief until such time as the Texas proceedings have reached final conclusion; therefore, the Court will abstain.  The Clerk of Court is directed to administratively close this action pending a request to reopen by either party.  Such a request must be made within thirty days of the final resolution of the Texas

proceeding or this matter will be deemed dismissed with prejudice.   Accordingly,

Defendant's Motion to Dismiss (Dkt. No. 9) is DENIED in part and GRANTED in part.

IT IS SO ORDERED this 28th day of June, 2005.

ROBIN J. CAUTHRON
United States District Judge